UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Erika López Prater, Ph.D., | ) | Court File No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) | |
| | ) | |
| Trustees of the Hamline University of Minnesota, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

_____

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trustees of the Hamline University of Minnesota hereby gives notice of the removal of this action from the Second Judicial District, Ramsey County, Minnesota, where it is now pending, to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Defendant further states:

1. The present civil action was commenced by Plaintiff against Defendant in the Second Judicial District, Ramsey County, Minnesota, through service of process completed upon Defendant on January 17, 2023, and filed with the court on January 18, 2023. A copy of the Summons and Complaint is attached.

2. Defendant entered into a Collective Bargaining Agreement for Certain Undergraduate Adjunct Faculty (the "CBA") with the Service Employees International Union Local 284 (the "Union") in 2019. Attached hereto as **Exhibit 1** is a true and correct copy of the CBA between Defendant and the Union.

3. The Union is the sole and exclusive collective bargaining representative of all regular part-time non-tenured and non-tenure eligible Adjunct Instructors, Adjunct Faculty, Instructors, Adjunct Professors, and Adjuncts employed by Defendant who teach undergraduate labs or credit-earning classes toward an academic degree on Defendant's St. Paul, Minnesota campus ("Unit Members"). (Exhibit 1, Art. 1, § 1.)

4. Upon Plaintiff's acceptance of Defendant's offer of appointment on August 8, 2022, she became a Unit Member covered by the CBA. (Exhibit 1, Art. 2, § 1.) Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's signed Appointment Letter.

5. Article 4, Section 1 of the CBA provides, Defendant "retains all rights pertaining to administration or management of the University as a whole and at each and every level, school, program and department or other part of the University, including, but not limited to, the rights: . . . to assign duties and direct Unit Members; to determine and modify the number, qualifications, hiring criteria, scheduling, responsibilities and assignment of Unit Members; . . . to recruit or hire Unit Members; to determine how and when and by whom instruction is delivered and other services at the University are performed . . . ." (Exhibit 1, Art. 4, § 1.)

6. Article 4, Section 2 of the CBA provides, "Decisions regarding who is taught, what is taught, how it is taught and who does the teaching involve academic judgment and shall be made at the sole discretion of the [Defendant], except to the extent, if any, of direct conflict between such exercise and an explicit provision of this [CBA]." (Exhibit 1, Art. 4, § 2.)

7. Article 5 of the CBA concerns "Academic Freedom" of Unit Members such as Plaintiff. (Exhibit 1, Art. 5.)

8. Article 15 of the CBA, entitled Appointment of Courses, dictates how and when Defendant makes appointments of courses to Unit Members such as Plaintiff. (Exhibit 1, Art. 15.)

9. The Complaint asserts claims against Defendant for: (I) Religious Discrimination in Violation of the Minnesota Human Rights Act, (II) Reprisal in Violation of the Minnesota Human Rights Act, (III) Breach of Contract, (IV) Promissory Estoppel, (V) Defamation, (VI) Intentional Infliction of Emotional Distress, and (VII) Violation of the Minnesota Whistleblower Act.

10. Specifically, Plaintiff alleges: Defendant offered Plaintiff a teaching appointment for spring 2023, which she accepted; Defendant listed the course Plaintiff was appointed to teach; Defendant offered to renew Plaintiff's teaching contract for spring 2023, which she accepted; after the October 6, 2022 incident wherein she displayed paintings of the Prophet Muhammad to her class, Defendant cancelled the teaching appointment and revoked her teaching contract for spring 2023; and Defendant violated Plaintiff's contractual right to academic freedom. These facts, in part, give rise to Plaintiff's claims for breach of contract, promissory estoppel, and violation of the Minnesota Whistleblower Act against Defendant. (Compl. ¶¶ 12–14, 30, 65–67, 69, 89–101, 109–114.)

11. Article 14 of the CBA concerns the "Grievance and Arbitration" Procedure under the CBA. (Exhibit 1, Art. 14.)

12. Article 14, Section 1 provides, "A grievance within the meaning of this [CBA] shall be any dispute concerning the interpretation or application of this [CBA] . . . . This procedure shall be the sole and exclusive means for enforcing the terms of this [CBA] . . . ." (Exhibit 1, Art. 14, § 1.)

13. Plaintiff's claims against Defendant concerning her alleged appointment to teach a spring 2023 course and her academic freedom are necessarily dependent on analysis of the CBA.

14. The Labor Management Relations Act ("LMRA") completely preempts "claims founded directly on rights created by collective-bargaining agreements" and "claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). Section 301(a) of the LMRA provides that federal district courts have jurisdiction over suits "for violation of contracts between an employer and a labor organization representing employees . . . or between any such labor organizations." 29 U.S.C. § 185(a); *see also Franchise Tax Bd. of State of Calif v. Construction Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 23–24, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (holding that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.")).

15. A substantially dependent claim under the LMRA is one that "require[s] the interpretation of some specific provision of" a collective-bargaining

agreement, including any documents incorporated by reference. *Boldt*, 904 F.3d at 590 (quoting *Meyer v. Schnucks Mkts., Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998) and citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 204, 214–21, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985)). So, for example, if an agreement incorporates an employee handbook or employee-benefit policy by reference, the need to interpret those other documents in adjudicating a claim can also give rise to complete preemption. *Id.*; *see also BP Amoco Corp. v. NLRB*, 217 F.3d 869, 873–74 (D.C. Cir. 2000) (holding that a statement in a collective-bargaining agreement that "Benefit plans for the Company . . . will continue in force during the life of this Agreement" was sufficient to incorporate the company's health-insurance plan by reference (alteration in original)); *Halbach v. Great-West Life & Annuity Ins. Co.*, 561 F.3d 872, 876 (8th Cir. 2009) ("Basic contract principles instruct that where a writing refers to another document, that other document . . . becomes constructively a part of the writing . . . . The incorporated matter is to be interpreted as part of the writing." (brackets, internal quotation marks, and citation omitted)).

16. This Court has original jurisdiction under 28 U.S.C. § 1331 because it presents a federal question pursuant to 29 U.S.C. § 185.

17. This action is removable to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1441, which provides that any civil action brought in a state court for which the district courts of the United States have original jurisdiction may be removed by Defendant to the district court for the United States for the district and division embracing the place where the action is pending.

18. 28 U.S.C. § 1446(b) provides that a notice of removal may be filed within 30 days after receipt by the defendant of a copy of the initial pleading. This Notice of Removal is timely filed within 30 days after Defendant first received a copy of the initial pleading setting forth the claims for relief upon which this removal is based.

19. Pursuant to 28 U.S.C. § 1446(b), the state court action may be removed to this Federal District Court, being a United States District Court for the District of Minnesota, which embraces Ramsey County, Minnesota, within its jurisdiction.

20. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this removal notice to all parties in the state court action, and will be electronically filed with the Second Judicial District, Ramsey County, Minnesota, following the filing of this notice.

21. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all pleadings, process, and other orders served upon it in the state court action to date. *See* **Exhibit 3**. No other process, pleadings, or orders have been served on Defendant.

22. Defendant filed herewith a Civil Cover Sheet and paid the required filing fee.

23. Defendant has a good and sufficient defense to this action.

WHEREFORE, Defendant gives notice and respectfully removes the above-entitled action from the Second Judicial District, Ramsey County, Minnesota to the United States District Court for the District of Minnesota, and expressly preserves all available defenses.

Dated: February 7, 2023.

**HINSHAW & CULBERTSON LLP**


By:   s/*Mark T. Berhow*
Mark T. Berhow, Reg. No. 031450X
Kevin R. Coan, Reg. No. 29357X
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Facsimile: 612-334-8888
mberhow@hinshawlaw.com
kcoan@hinshawlaw.com

***Attorneys for Defendant Trustees of the Hamline University of Minnesota***